**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GERARDO VARELA VARELA, | Civil Action No. 26-9342 (ZNQ) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| LUIS SOTO, *et al.*, | |
| Respondents. | |

**QURAISHI, District Judge**

This matter comes before the Court on Petitioner Gerardo Varela Varela's habeas petition (ECF No. 1) and motion seeking a temporary restraining order (ECF No. 2) challenging his ongoing immigration detention. The Government filed a response to the petition (ECF No. 7), to which Petitioner replied. (ECF No. 8.) For the following reasons, the petition is granted, and Petitioner shall receive a bond hearing before an immigration judge within seven days.

Petitioner is a native and citizen of Mexico who most recently[1] entered the United States in 2004 by crossing the southern border without admission or inspection. (ECF No. 1 at 1-2.) Petitioner thereafter remained at liberty in the United States until July 18, 2026, when he was encountered by immigration officials during a targeted enforcement operation and taken into custody pursuant to 8 U.S.C. § 1225(b)(2). (*Id.* at 2.) Petitioner has remained detained without bond since that time. (*Id.*)

---

[1] Petitioner previously attempted to enter the United States at least twice in 2003, both of which resulted in Petitioner voluntarily returning to Mexico. (ECF No. 7-1 at 2.)

1

During his time in this country, Petitioner has had two contacts with the law.  First, in 2003, he was convicted of driving under the influence of drugs or alcohol in California, resulting in a five day jail sentence and three years' probation.  (ECF No. 7-1 at 3.)  And then in February 2015, Petitioner was charged with a purposeful or knowing simple assault during a domestic violence incident in Hudson County, New York.  (ECF No. 7-2 at 6-7.)  Despite the parties' efforts to determine the outcome of those charges, the final disposition remains unclear although Petitioner does not dispute that he committed the assault.  (*See* ECF No 7; ECF No. 8 at 4.)

Although the Government contends that Petitioner is lawfully detained and subject to mandatory detention without bond as an applicant for admission under 8 U.S.C. § 1225(b)(2), the Government does not dispute that this matter is not meaningfully distinguishable from past cases in which this Court has found that an alien who enters the United States without admission or inspection and thereafter remains at liberty for a significant period of time cannot be detained pursuant to § 1225(b)(2).  *See, e.g., Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445 (D.N.J. Nov. 21, 2025); *see also Hueso v. Soto*, No. 26-1455, 2026 WL 539271, at 3 (D.N.J. Feb. 26, 2026); *Tyagi v. Soto*, No. 26-962, 2026 WL 478184, at *1 (D.N.J. Feb. 20, 2026).  As Petitioner clearly falls into this category as he is an alien who entered the United States without admission or inspection in and thereafter remained at liberty in the United States for more than two decades prior to being taken into custody, he may not be held under 8 U.S.C. § 1225(b)(2).  *See, e.g., Valerio*, 2025 WL 3251445, at *3.  Petitioner's continued mandatory detention without a bond hearing under § 1225(b)(2) is therefore unlawful.  *Id*.  Petitioner's habeas petition shall therefore be granted.

Although the Government essentially concedes that Petitioner is entitled to relief under this Court's prior cases, the Government argues that the Court should provide Petitioner only with the

bond hearing to which he would have been entitled had he been taken into custody under 8 U.S.C. § 1226(a) in light of his criminal history. *See, e.g., Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018) (potentially removable aliens not subject to mandatory detention statutes are subject to detention under 8 U.S.C. § 1226(a) under which they are entitled to a bond hearing at which they can secure bond by demonstrating they are neither a flight risk nor danger); *see also Aguilar Ramos v. Soto*, No. 25-15315, 2025 WL 3251447, at *1-2 (D.N.J. Nov. 21, 2025) (a bond hearing under 8 U.S.C. § 1226(a) is an appropriate remedy to address improper detention under an inapplicable statute where the petitioner clearly would be subject to § 1226(a) and the facts so warrant). Although Petitioner contends that release would be a more appropriate remedy as he was not initially detained by immigration officials under the terms and protections applicable to § 1226(a) detainees, (*see* ECF No. 8), he neither disputes that he was previously convicted of driving under the influence nor that he committed an assault related to a domestic violence incident. Petitioner instead argues that the temporal remoteness of those incidents should render them irrelevant to the outcome of this matter. (*Id.* at 4.)

Although this Court has held that outright release is an appropriate remedy in cases where § 1225(b)(2) has been improperly applied to an alien present within the United States without any criminal history indicative of dangerousness, *see, e.g., Fajardo-Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *2 (D.N.J. Mar. 2, 2026), this Court has recognized that a bond hearing under § 1226(a) is also an available form of relief if the facts of an individual case make outright release inappropriate. *See Valerio,* 2025 WL 3251445 at *3-4; *see also Florian Bello v. Blanche*, No. 26-7845, 2026 WL 1972268, at *2 (D.N.J. July 8, 2026). Judges in this district regularly order bond hearings rather than outright release in those cases in which an alien's criminal history indicates that he may present a sufficient danger to the community that outright release would be an

3

unwarranted windfall.  *See, e.g., Florian Bello*, 2026 WL 1972268 at *2; *Menjivar Delgado v. Lyons*, No. 26-6548, ECF No. 3 (D.N.J. June 10, 2026) (ordering a bond hearing rather than release where pending assault charges suggested potential dangerousness or flight risk).  Given the nature of Petitioner's two prior charges, one of which involved a DUI conviction and the other allegations of domestic violence which must be taken seriously, this Court finds that a bond hearing is the appropriate relief in this matter.  The Government shall therefore afford Petitioner with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days at which Petitioner is provided an opportunity to show that he is neither a flight risk nor danger to the community.

Petitioner's habeas petition (ECF No. 1) shall therefore be granted, and the Government shall provide Petitioner with a bond hearing before an immigration judge within seven days. Petitioner's motion seeking a temporary restraining order (ECF No. 2) is denied without prejudice as moot in light of the granting of his petition.  An order consistent with this Memorandum Opinion will be entered.

Date: July 28, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**